IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                   No. 1:04-CR-75 WJ

JOEY CANDELARIA,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO APPOINT FPD COUNSEL WITHOUT PREJUDICE

THIS MATTER comes before the Court upon Defendant's Motion to Appoint FPD Counsel, filed August 17, 2020 **(Doc. 48)**. As it is presented, the motion will not be granted for the following reasons.

### BACKGROUND

- On July 15, 2020, Defendant filed a *pro se* Motion to Reduce Sentence Under 18 U.S.C. §3582 and the First Step Act (Doc. 46).

- On July 23, 2020, Ms. Kari Converse, Esq., contacted chambers informally by email and copying the United States Attorney's Office, to advise that she would be filing an "amended motion" on behalf of Defendant "as soon as I can" and requested that the Court take no action on the *pro se* motion until such time as she filed an amended one.

- On June 16, 2020, by Administrative Order entered June 16, 2020, the Court clarified there were no standing orders authorizing a blanket appointment of counsel to pursue compassionate release under 18 U.S.C. §3582, but that judges have discretion to appoint counsel in individual cases. (20-MC-00004-24). In that Order, the Court noted that there is no constitutional right to counsel in post-conviction proceedings.

- On August 13, 2020, after receiving numerous *ex parte* and informal requests by the FPD to appoint counsel for compassionate release motions which they considered worthy of legal representation, the Court entered a subsequent Administrative Order establishing the proper procedures for "effectuating the discretionary appointment of counsel and handling compassionate release requests." 20-MC-00004-30. That Administrative Order

required, *inter alia,* that the request for appointment of counsel "certify" that the defendant "has fully exhausted as required by Tenth Circuit law." *Id.* at 2.

- On August 13, 2020, the Court denied Defendant's *pro se* motion for compassionate release, finding that Defendant had not provided "any evidence . . . or even pleaded that he has exhausted his administrative remedies." Doc. 47.

## DISCUSSION

In the instant motion, would-be counsel for Defendant claims that Mr. Candelaria had exhausted remedies when he filed his *pro se* motion on July 15, but was unaware of the need to document that in his motion. The motion also states:

> On May 14, 2020, the Warden of USP Florence, denied Mr. Candelaria's request that he file a motion for compassionate release, and denied his administrative appeal.

Doc. 48 at 2. The Court finds this certification of exhaustion to be insufficient as a basis to grant the motion to appoint counsel.

Generally, a federal court may not modify a term of imprisonment once imposed." *United States v. Wilson*, 493 F. App'x 919, 921 (citing *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010)). However, Congress has provided a limited exception to this general rule and allowed for certain "compassionate release" sentence modifications under 18 U.S.C. § 3582(c)(1)(A). To justify the type compassionate release that Defendant seeks, the Court must find that "extraordinary and compelling reasons warrant such a reduction." *Id*.

That said, a district court may not consider a request for compassionate release unless and until the prisoner has exhausted all administrative remedies. *See* § 3582(c)(1); *see also United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020) (discussing administrative exhaustion as a jurisdictional requirement).[1] To effectively

---

[1] Courts appear split on whether the exhaustion requirement is jurisdictional or merely a claims-processing rule. *See United States v. Gamboa*, No. CR 09-1741 JAP, 2020 WL 3091427 (D.N.M. June 11, 2020) (Parker, J.) (citing cases). The Tenth Circuit has not yet decided this issue, but this Court is persuaded by the reasoning in *Read-Forbes* that the exhaustion requirement is indeed jurisdictional and that the Tenth Circuit would conclude as such.

exhaust under § 3582, a prisoner must make an initial request for compassionate release under 28 C.F.R. § 571.61, and appeal a denial pursuant to § 571.63. *See* § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60–571.64 (Procedures for the Implementation of 18 U.S.C. § 3582(c)(1)(A)). Alternatively, if thirty days have lapsed from receipt of the request by the warden of the facility where the prisoner is incarcerated with no action by the warden, a district court is empowered to consider the prisoner's § 3582(c)(1)(A) motion.[2]

Here, Defendant has not made the requisite showing of *full* administrative exhaustion. Rather, the motion appears to state only that Defendant submitted a request to his institution's warden and that his request was denied by the warden—but the language of § 3582(c)(1)(A) plainly contemplates an appeal. *See* § 3582(c)(1)(A); 28 C.F.R. § 571.63 (explaining that how an inmate may appeal a warden's denial and that only denial by the General Counsel or the Director of the Bureau of Prisons constitutes a final administrative decision). As the Tenth Circuit explained in a recent unpublished opinion, the filing of a request with a warden only "initiate[s]" the administrative remedies process. *See United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020). Having apparently received a denial from the warden, Defendant must appeal the warden's decision through the BOP administrative remedy process in order to fully exhaust. *See, e.g.,United States v. Blevins*, 2020 WL 3260098,

---

Many other courts in this Circuit have concluded likewise. *See, e.g., United States v. Davis*, No. 19-CR-64-F, 2020 WL 2465264, at *2–3 (D. Wyo. May 13, 2020).

[2] Again, district courts are split on their interpretations of this provision. Some have concluded that the 30-day language in § 3582(c)(1)(A) is meant to serve as an either/or with respect to exhaustion of administrative remedies; in other words, those courts have held that as long as 30 days have lapsed since the warden's receipt of the request, a defendant may file a motion with the court, regardless of whether he has appealed the warden's timely decision. *See United States v. Whalen*, No. 1:11-CR-00033-JAW, 2020 WL 3802714, at *5, n. 2 (D. Me. July 7, 2020) (analyzing this split and comparing district court cases). However, in the absence of controlling authority from the Tenth Circuit, this Court joins "those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court." *See United States v. Rembert*, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423, at *2–3 (D. Me. June 19, 2020).

*3 (S.D. Miss. June 16, 2020) ("If an inmate's request is denied before the lapse of 30 days, then he must fully exhaust administrative remedies before the Court may consider his motion to modify his sentence under the statute.") (citation omitted).

This Court has no authority to excuse a failure to comply with the mandatory statutory exhaustion requirement.  *See United States v. Gonzalez*, No. 18-CR-00130-PAB, 2020 WL 1905071, at *2 (D. Colo. Apr. 17, 2020) ("[T]he Supreme Court has made clear that 'mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion.'" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016))); *Read-Forbes*, 2020 WL 1888856, at *4 (citing *Malouf v. Sec. & Exch. Comm'n*, 933 F.3d 1248, 1256 (10th Cir. 2019)).  In this case, while the motion states that Defendant *initiated* his administrative remedies, it is not at all clear that he *exhausted* those remedies. Therefore, the Court cannot accept the reference to exhaustion in the motion as a certification of full exhaustion and so the motion to appoint FPD counsel is denied without prejudice.  *See United States v. Little*, No. CR 14-195 KG, 2020 WL 2736944, at *2 (D.N.M. May 26, 2020) (denying motion for appointment of counsel where there was insufficient record of administrative exhaustion).

In the event that the motion's reference to exhaustion was inartfully phrased, Defense Counsel may submit an amended motion **within ten (10) days of the entry of this Order** which includes documentation specifically showing that Defendant has fully exhausted his remedies under the applicable federal regulations, as described above.  The Court will not consider amended motions filed past this deadline.

**IT IS SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**